UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENTRAY WHITE,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN MARSHAL, WARDEN<br><br>    Respondent. | Case No. CV 09-00819 VBF (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

### I. BACKGROUND

Before the Court is a Petition for a writ of habeas corpus ("Petition") brought by Dentray White ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises four claims directed at Petitioner's 2003 conviction and related sentence of 17 years that he sustained following a jury trial in the California Superior Court for the County of Los Angeles (case no. YA053873). (Pet. at 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred and that ground three also lacks merit for the reasons discussed below.

///

## II. DISCUSSION

**A.     Standard of Review**

  **1.     Habeas Rules**

  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

  **2.     § 2254**

  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or law or treaties of the United States. § 2254(a). Moreover, federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2). The

key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on the merits in State court proceedings."

**B.    Timeliness Analysis**

    **1.    Statute of Limitations**

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records[1] show Petitioner sustained his underlying conviction on April 7, 2003, and was sentenced on May 6, 2003. (Pet. at 2; Official records of California courts.) The Petition and relevant state court records also establish that the California Supreme Court (case no. S126007) denied his petition for review on August 11, 2004, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. at 3; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, Petitioner's judgment became final on November 9, 2004, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, November 10, 2004, and ended a year later on November 9, 2005. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)

---

    [1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

Page 3

(the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending Petition in this matter until December 23, 2008[2] -- 1,140 days after the expiration of the limitation period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

### 2. Statutory Tolling

#### a. State Habeas Petitions

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646

---

[2]  Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Petitioner signed but did not date the pending Petition. However, the Petition received and filed by the Clerk's Office had an attached declaration in support of his request to proceed *in forma pauperis* ("IFP") that he signed and dated December 23, 2008. The Petition was filed on February 3, 2009. For purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on December 23, 2008, the date he signed and dated his attached IFP declaration. (Pet. at 10.)

Page 4

(9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On March 7, 2005 -- 117 days after the one-year limitation period started to run on November 10, 2004 -- Petitioner filed his first state habeas petition with the superior court, leaving 248 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 117-day period because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to statutory tolling from March 7, 2005, to April 1, 2005, the 25-day period during which his first state habeas petition was pending and later denied in the superior court. (Pet. Ex. B at 2.) 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148. Given 25 days of statutory tolling, the limitation period was extended from November 9, 2005, to December 5, 2005.[3]

Petitioner then waited until April 4, 2006 -- another 368 days after the first state habeas petition was denied on April 1, 2005, to file his second state habeas petition with the court of appeal. Based upon *Chavis*, the Court finds this unexplained, unjustified 368-day delay unreasonable under California law.

In *Chavis*, the United States Supreme Court held that, in the absence of a clear direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Chavis*, 546 U.S. 198-99. The Supreme Court applied the foregoing principles and found "a totally

---

[3] The 25th day fell on Sunday, December 4, 2005. Fed. R. Civ. P. 6(a)(3).

Page 5

1  unexplained, hence unjustified" period of at least six months filing delay to be
2  unreasonable under California law. *Id.* at 201. The Supreme Court stated:
3      [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60
4      days, that most States provide for filing an appeal to the state supreme
5      court. (citation omitted). It is far longer than the 10-day period
6      California gives a losing party to file a notice of appeal in the California
7      Supreme Court (citation omitted). We have found no authority
8      suggesting, nor found any convincing reason to believe, that California
9      would consider an unjustified or unexplained 6-month filing delay
10     'reasonable.' Nor do we see how an unexplained delay of this magnitude
11     could fall within the scope of the federal statutory word 'pending' as
12     interpreted in *Saffold*."
13 *Id.* Additionally, the Supreme Court provided the following guidance for determining
14 timeliness:
15     [T]he Circuit must keep in mind that, in *Saffold*, we held that timely
16     filings in California (as elsewhere) fell within the federal tolling
17     provision *on the assumption* that California law in this respect did not
18     differ significantly from the laws of other States, i.e., that California's
19     'reasonable time' standard would not lead to filing delays substantially
20     longer than those in States with determinate timeliness rules.
21 *Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1)
22 (allowing only ten days to file a petition for review of a decision by the court of
23 appeal, including habeas corpus decisions.)
24     In light of the Supreme Court's reasoning in *Chavis*, and based on Petitioner's
25 failure to set forth in his Petition and attached exhibits any facts or explanation for the
26 significant delay, this Court finds that Petitioner is not entitled to statutory tolling for
27 the unexplained and unjustified 368 day (over one year) delay between the denial of
28 his first state habeas petition and the filing of his second habeas petition in the court

of appeal. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Chavis*, 546 U.S. at 199-200 (finding no bright line rule, but determining six month delay not reasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (eighty-eight day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007 WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139 day delay unreasonable); *Jackson v. Ollison*, No. 06-CV-1123-IEG(AJB), 2007 WL 433188, at *5 (S.D. Cal. Jan. 23, 2007) (eight month delay unreasonable).

Accordingly, Petitioner is not entitled to statutory tolling for the second and third habeas petitions filed in both state appellate courts because they were filed after the expiration of the statute of limitations period, and have no tolling consequence. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Therefore, the four claims raised in the instant Petition are untimely by 1,114 days (the amount of untolled time between the extended limitation deadline (12/05/05) and the Petition's constructive filing date (12/23/08).)

### b. 2005 Federal Proceedings[4]

On July 26, 2005, Petitioner filed a federal habeas petition in this Court ("2005 Petition"). (Case No. CV 05-05437 NM (AN), dkt. #1.) Pursuant to the Court's duty

---

[4] The Court takes judicial notice of its own records. Fed. R. Evid. 201.

Page 7

to screen habeas petitions before service,[5] the Court found the 2005 Petition was subject to summary dismissal because all two claims were unexhausted. (8/15/05 Order, dkt. #3.) Accordingly, the petition was dismissed without prejudice as a wholly unexhausted petition. (8/15/05 Judgment, dkt. #4.)

Petitioner's 2005 Petition has no bearing on the Court's timeliness analysis. By AEDPA's express terms under § 2244(d)(2), the one-year limitation period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitation period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Further, the pending action cannot "relate back" to the 2005 Petition because that action was dismissed. *See Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition"); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001). Moreover, Petitioner does not qualify for the very narrow exception to this "relation back" rule because the 2005 Petition was *properly* dismissed.

### 3. Alternative Start of the Statute of Limitations

#### a. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th

---

[5] *See* 28 U.S.C. § 2243, Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and Local Rule 72-3.2.

Page 8

Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### b. Newly Recognized Constitutional Right (Ground Four)

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

The sentencing error claim in ground four of the Petition is principally based upon *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 868 (2007), which invalidated California's Determinate Sentencing Law ("DSL") to the extent it allowed the trial court to impose an upper term sentence based upon facts that were not found true by a jury beyond a reasonable doubt. (Pet. at 6.) Petitioner appears to argue that, in light of *Cunningham*, the trial court violated his Sixth Amendment right to a jury and guilt beyond a reasonable doubt by imposing his upper term sentence based upon aggravating factors that were neither found by the jury nor admitted by him. (*Id.*)

The Court finds Petitioner's reliance upon *Cunningham* is misplaced because the Ninth Circuit recently found *Cunningham* "did not announce a new rule of constitutional law." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *see also Wright v. Dexter*, 546 F.3d 1096, 1097 (9th Cir. 2008). Rather, *Cunningham* "simply applied the rule of *Blakely* [*v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004)]" to California's DSL, and that its result was dictated by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) and *Blakely*. *Butler*, 528 F.3d at 634-39. Consequently, Petitioner is not entitled to relief under this provision.

### c. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

Page 9

2244(d)(1)(D). Petitioner's filings do not set forth any facts that show he is entitled to relief based upon a late discovery of the factual predicate.

### 4. Equitable Tolling

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has repeatedly cautioned that "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 336; *Pace*, 544 U.S. at 418. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was

running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. Petitioner's filings do not set forth any facts that show he is entitled to equitable tolling.

## C.   Merit Analysis (Ground Three)

Separately, the Court also finds ground three is facially without merit in addition to being time-barred.

In this claim, Petitioner principally argues that the trial court's imposition of the six-year upper term sentence for residential burglary in count one based upon factors determined by the trial judge violated his Sixth Amendment right to a jury trial and proof beyond a reasonable doubt as construed by *Blakely*. The superior court denied this claim on the merits in a reasoned opinion on collateral appeal, and both state appellate courts denied the claim without comment. (Pet. at 4-5, Ex. B; Official records of California courts.) While the state high court's denial was silent, it still constitutes a denial "on the merits" for purposes of federal habeas review, *Hunter v. Aispuro*, 982 F.2d 344, 348 (9th Cir. 1992), and Petitioner's *Blakely* claim is deemed to have been rejected for the same reasons given in the last reasoned decision, which in this case was the superior court's unpublished opinion on collateral review. (*Id.*) *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S. Ct. 2590 (1991); *Gaston v. Palmer*, 417 F.3d 1030, 1038 (9th Cir. 2005), *as amended by,* 447 F.3d 1165 (9th Cir. 2006) ("We construe 'postcard' denials such as these to be decisions on the merits").

In rejecting this sentencing error claim, the superior court explained that it did so based upon the following factual determinations and reasons, in relevant part:

> However, the court was legally permitted to consider and use this prior conviction to enhance Petitioner's sentence on count 1 to the high term. California case law has determined that the use of a prior conviction to enhance a sentence to the high term is not a violation of a defendant's 6th Amendment right to trial.
>
> * * * *
>
> The writ is denied as Petitioner has not stated adequate factual or legal ground for relief sought by the petition.

(Pet. Ex. B at 2.) Under AEDPA, the superior court's factual determination that Petitioner sustained a "prior conviction" is entitled to a presumption of correctness where, as here, Petitioner has not refuted the presumption with clear and convincing evidence to the contrary. 28 U.S.C. § 2254 (e)(1); *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *Lara v. Ryan*, 455 F.3d 1080, 1082 (9th Cir. 2006) (adopting the California Court of Appeal's determination of the facts where the petitioner did not challenge them with clear and convincing evidence); *Moses v. Payne*, 543 F.3d 1090, 1093 n.1 (9th Cir. 2008) (same).

Moreover, the trial court did not commit a *Blakey-Cunningham* error by using Petitioner's prior felony conviction as an aggravating factor to impose the upper term sentence on Petitioner. As noted above, in *Cunningham*, the Supreme Court found California's DSL violated a defendant's right to a jury trial to the extent it allowed a trial judge to impose an upper term sentence based upon aggravating factors that were not found true beyond a reasonable doubt by a jury. *Cunningham*, 549 U.S. at 288. *Cunningham* did so by extending the following bright-line rule announced in *Apprendi*, and by applying *Blakely*, to California's DSL -- "[e]*xcept for a prior conviction*, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.*; *Apprendi*, 530 U.S. at 490. *Cunningham* expressly emphasizes that, under *Apprendi* and *Almendarez-Torrez v. United States*, 523 U.S. 224, 244, 118 S.

1  Ct. 1219 (1998), a defendant's prior convictions remain an *exception* to the
2  requirement that any fact that increases the prescribed statutory maximum penalty
3  must be submitted to a jury and proven beyond a reasonable doubt. *Cunningham*, 549
4  U.S. at 281-82. Indeed, *Cunningham* is inapplicable where, as here, the upper term
5  sentence was imposed because of an undisputed prior conviction. (Pet. Exs. A, B;
6  Appellant's Opening Br. attached to Pet. ("Br.") at 1-2.)

7  Further, the Ninth Circuit recently observed that, under California law, "only
8  one aggravating factor is necessary to authorize an upper term sentence." *Butler*, 528
9  F.3d at 648 (*citing People v. Black*, 41 Cal. 4th 799, 805 (2007).) Thus, "if at least one
10 of the aggravating factors on which the judge relied in sentencing [the prisoner] was
11 established in a manner consistent with the Sixth Amendment, [the prisoner's]
12 sentence does not violate the Constitution." *Id.* at 643. Consequently, Petitioner's
13 habeas challenge to the imposition of the upper term based upon his prior conviction
14 is foreclosed by *Apprendi*, *Blakely*, *Cunningham*, and *Butler*.

15 Consequently, the state courts' rejection of Petitioner's upper term sentencing
16 error claim in ground three for the reason set forth in the superior court's decision was
17 not contrary to, nor an unreasonable application of, clearly established Federal law,
18 or based upon an unreasonable determination of the facts. *Carey v. Musladin*, 549
19 U.S. 70, 127 S. Ct. 649, 654 (2006)(absent a Supreme Court holding on the prejudicial
20 effect of spectators' courtroom conduct, the state courts' decisions denying relief
21 could not be contrary to, or an unreasonable application of, clearly established Federal
22 law within the meaning of AEDPA); *Wright v. Van Patten*, --- U.S. ---, 128 S. Ct. 743,
23 746-47 (2008) ("Because our cases give no clear answer to the question presented, let
24 alone one in [the petitioner's] favor, 'it cannot be said that the state court
25 'unreasonabl[y] appli[ed ] clearly established Federal law.'")

26 Accordingly, this Court finds the state courts' rejection of Petitioner's
27 sentencing error claim in ground three was not contrary to, or an unreasonable
28 application of, *Blakely*, *Cunningham*, or any other clearly established Sixth

Amendment precedent.

**O R D E R**

Based upon the foregoing, the Court finds the Petition, exhibits, and relevant state court records indicate all four claims are time-barred, and that the state courts' denial of the sentencing error claim in ground three, was not contrary to, or an unreasonable application of, clearly established Federal law; nor was the denial of the claim based upon an unreasonable determination of the facts. Accordingly, Petitioner shall have until **March 5, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred and that ground three also lacks merit for the reasons discussed above. In responding to this Order, Petitioner must show by declaration and properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///
///
///

1 **Petitioner is warned that if a timely response to this Order is not made,**
2 **Petitioner will waive his right to do so and the Court will, without further notice,**
3 **issue an order dismissing the Petition, with prejudice, as time-barred. Further,**
4 **if Petitioner determines the Court's above analysis is correct and the Petition is**
5 **clearly time-barred, he should file a Request For Voluntary Dismissal of this**
6 **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

8     IT IS SO ORDERED.

10 DATED: February 13, 2009                             /s/ Arthur Nakazato
                                                          ARTHUR NAKAZATO
11                                          UNITED STATES MAGISTRATE JUDGE