1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

FILED
CLERK, U.S. DISTRICT COURT

APR 16 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DENTRAY WHITE,                )   Case No. CV 09-00819 VBF (AN)
                              )
            Petitioner,       )   **MEMORANDUM AND ORDER**
                              )   **DISMISSING HABEAS PETITION**
      v.                      )   **AS TIME-BARRED**
                              )
JOHN MARSHALL, WARDEN,        )
                              )
            Respondent.       )
_____  )

      Before the Court is a petition for writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254 by Dentray White ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

## I. BACKGROUND

      The Petition raises four claims for relief directed at Petitioner's state custody arising from his 2003 conviction for two counts of residential burglary and related prison sentence of 17 years that he sustained following a jury trial in the California Superior Court for the County of Los Angeles (case no. YA053873). (Pet. at 2.)

The Petition, attached exhibits, and relevant state court records[1] show Petitioner filed a timely appeal with the California Court of Appeal (case no. B167205), which affirmed the judgment and sentence on May 20, 2004. (Pet. at 2-3; Official records of California courts.) On July 1, 2004, Petitioner filed a petition for review with the California Supreme Court (case no. S126007) that was summarily denied on August 11, 2004. (Pet. at 3; Official records of California courts.) On collateral review, Petitioner filed one complete round of state habeas petitions with the trial court and both state appellate courts, all of which were denied.[2] (Pet. at 4; Official records of California courts.)

On January 22, 2009, Petitioner constructively filed[3] his pending Petition.

---

[1]   The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]   *See White, Dentray*, No. YA05873, Cal. Super. Ct. (filed Mar. 7, 2005, denied Apr. 1, 2005); *In re: White on Habeas Corpus*, No. B190076, Cal. App. Ct., 2nd Dist./Div. 6 (filed Apr. 4, 2006, denied Apr. 11, 2006); *White (Dentray) on H.C.*, No. S155518, Cal. Sup. Ct. (filed Aug. 20, 2007, denied Jan. 30, 2008). (Pet. at 4; Official records of California courts.)

[3]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Petition states Petitioner signed it on "12/ /08." (Pet. at 8.) Petitioner's attached declaration to proceed *in forma pauperis* ("IFP") and prison trust account certification demonstrate Petitioner signed the IFP declaration on December 23, 2008, but that his certification was not signed and dated by an authorized prison official until January 22, 2009. (Pet. at 9-10.) On February 2, 2009, the Petition and attached IFP declaration were lodged with the Clerk and filed on February 3, 2009. (Dkt. #1.) For purposes of the timeliness analysis, the Court gives Petitioner the
(continued...)

Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the Petition and relevant state court records plainly disclosed this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on February 13, 2009, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). (*See* 2/13/09 Order to Show Cause Re Dismissal of Habeas Petition As Time-Barred ("OSC"), dkt. #3.)  The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action was not time-barred by filing a written response no later than March 5, 2009. (OSC at 2-11.) The OSC warned Petitioner that his failure to file a timely response to the OSC would result in a waiver of his right to respond to the OSC, and that his Petition would be dismissed with prejudice as time-barred without further notice. (OSC at 15:1-6.) On March 9, 2009, the Court granted Petitioner's request for an extension of time to file a written response to the OSC and extended the deadline until March 31, 2009. (Dkt. #5.) On March 28, 2009, Petitioner constructively filed a timely response to the OSC. (Dkt. #7.)  The matter now stands submitted.

## II. DISCUSSION

**A.    Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the

---

[3/]    (...continued)

benefit of the doubt by assuming he constructively filed the Petition on January 22, 2009, the earliest date he could have delivered the Petition and attached IFP declaration to prison authorities for mailing to the Clerk's Office.

1    petitioner is not entitled to relief in the district court, the judge must dismiss the
2    petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court
3    also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of
4    habeas corpus, and if it plainly appears from the face of the petition and any exhibits
5    annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may
6    prepare a proposed order for summary dismissal and submit it and a proposed
7    judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas
8    petition may be dismissed *sua sponte*, however, the district court must give the
9    petitioner adequate notice and an opportunity to respond before doing so. *Day v.*
10   *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d
11   1039, 1043 (9th Cir. 2001).

12   **B.    Statute of Limitations**

13         The Petition is governed by AEDPA, which establishes a one-year statute of
14   limitations for state prisoners to file a habeas petition in federal court, because the
15   Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. §
16   2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In
17   most cases, the limitation period begins to run from "the date on which the judgment
18   became final by conclusion of direct review or the expiration of the time for seeking
19   such review." 28 U.S.C. § 2244(d)(1)(A).

20         As discussed above, on August 11, 2004, the California Supreme Court denied
21   Petitioner's petition for review. Petitioner never filed a petition for a writ of certiorari
22   with the United States Supreme Court. Accordingly, for purposes of AEDPA's
23   limitation period, Petitioner's judgment became final on November 9, 2004, the
24   ninetieth day after his petition for review was denied by the state high court and the
25   date his time for filing a petition for certiorari with the Supreme Court expired. *Bowen*
26   *v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run
27   the next day, November 10, 2004, and ended a year later on November 9, 2005. 28
28   U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th

1   Cir. 2001) (the limitations period begins to run on the day after the triggering event
2   pursuant to Fed. R. Civ. P. 6(a)).  Petitioner did not sign, date, and constructively file
3   his pending Petition in this matter until January 22, 2009 -- 1,170 days after the
4   expiration of the limitation period.

5       Accordingly, absent some basis for tolling or an alternative start date to
6   AEDPA's limitation period under 28 U.S.C. § 2244(d)(1), the pending Petition is
7   time-barred.

8   **C.   Statutory Tolling**

9       **1.   State Habeas Petitions**

10      AEDPA provides a statutory tolling provision that suspends the limitation
11  period for the time during which a "properly-filed" application for post-conviction or
12  other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Waldrip*
13  *v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th
14  Cir. 2005).  An application is "pending" until it has achieved final resolution through
15  the state's post-conviction procedures.  *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.
16  Ct. 2134 (2002).  The limitation period is not tolled between the time a final decision
17  is issued on direct state appeal and the time a state collateral challenge is filed because
18  there is no case "pending" during that interval.  *Thorson v. Palmer*, 479 F.3d 643, 646
19  (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  On collateral
20  review, however, "intervals between a lower court decision and a filing of a new
21  petition in a higher court," when reasonable, fall "within the scope of the statutory
22  word 'pending'" thus tolling the limitations period.  *Saffold*, 536 U.S. at 221, 223;
23  *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

24      On March 7, 2005 -- 117 days after the one-year limitation period started to run
25  on November 10, 2004 -- Petitioner filed his first state habeas petition with the
26  superior court, leaving 248 days remaining before the limitation period expired.
27  Under AEDPA, Petitioner is not entitled to statutory tolling for this 117-day period
28  because there was no case "pending" during this interval.  *See Thorson*, 479 F.3d at

Page 5

1  646; *Nino*, 183 F.3d at 1006.

2      Petitioner is entitled to statutory tolling from March 7, 2005, to April 1, 2005,

3  the 25-day period during which his first state habeas petition was pending before the

4  superior court. (Pet. Ex. B at 2.) 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148.

5  Given 25 days of statutory tolling, the limitation period was extended from November

6  9, 2005, to December 5, 2005.[4/]

7      Petitioner then waited until April 4, 2006 -- another 368 days after the first state

8  habeas petition was denied on April 1, 2005 -- to file his second state habeas petition

9  with the court of appeal. Further, the Petition, attached exhibits, and OSC Response,

10  fail to set forth specific facts that justify or explain his significant delay.

11      In *Chavis*, the United States Supreme Court held that, in the absence of a clear

12  direction or explanation from the California Supreme Court as to what constitutes a

13  "reasonable time" (or the legislative enactment of a determinate time limit), federal

14  courts must conduct a case-by-case determination of whether the subject filing delay

15  "was made within what California would consider a 'reasonable time.'" *Chavis*, 546

16  U.S. at 198-99. The Supreme Court applied the foregoing principles and found "a

17  totally unexplained, hence unjustified" period of at least six months filing delay to be

18  unreasonable under California law. *Id.* at 201. The Supreme Court stated:

19      [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60

20      days, that most States provide for filing an appeal to the state supreme

21      court. (citation omitted). It is far longer than the 10-day period

22      California gives a losing party to file a notice of appeal in the California

23      Supreme Court (citation omitted). We have found no authority

24      suggesting, nor found any convincing reason to believe, that California

25      would consider an unjustified or unexplained 6-month filing delay

26

27  ───────────────
    [4/]   The 25th day actually fell on Sunday, December 4, 2005. Fed. R. Civ. P.

28  6(a)(3).

1    'reasonable.' Nor do we see how an unexplained delay of this magnitude
2    could fall within the scope of the federal statutory word 'pending' as
3    interpreted in *Saffold*."
4    *Id.* Additionally, the Supreme Court provided the following guidance for determining
5    timeliness:

6        [T]he Circuit must keep in mind that, in *Saffold*, we held that timely
7        filings in California (as elsewhere) fell within the federal tolling
8        provision *on the assumption* that California law in this respect did not
9        differ significantly from the laws of other States, i.e., that California's
10       'reasonable time' standard would not lead to filing delays substantially
11       longer than those in States with determinate timeliness rules.

12   *Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1)
13   (allowing only ten days to file a petition for review of a decision by the court of
14   appeal, including habeas corpus decisions.)

15       In light of *Chavis*, this Court finds Petitioner is not entitled to statutory tolling
16   for this unexplained and unjustified 368 day (over one year) delay.  It is clearly
17   "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for
18   filing an appeal to the state supreme court," and "far longer than the 10-day period
19   California gives a losing party to file a notice of appeal in the California Supreme
20   Court." *Chavis*, 546 U.S. at 199-200 (finding no bright line rule, but determining six
21   month delay not reasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW
22   HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (88 day delay unreasonable);
23   *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007 WL 3096157, at *3-4 (E.D. Cal.
24   Oct. 22, 2007) (139 day delay unreasonable); *Jackson v. Ollison*, No. 06-CV-1123-
25   IEG(AJB), 2007 WL 433188, at *5 (S.D. Cal. Jan. 23, 2007) (8 month delay
26   unreasonable).

27       Accordingly, Petitioner is not entitled to statutory tolling for the second and
28   third habeas petitions filed in both state appellate courts because they were filed after

1    the expiration of the statute of limitations period and have no tolling consequence.

2    *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does

3    not permit the reinitiation of the limitations period that has ended before the state

4    petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that

5    filing of state petition after AEDPA's one-year time period has elapsed bars federal

6    habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A

7    state-court petition [] that is filed following the expiration of the limitations period

8    cannot toll that period because there is no period remaining to be tolled").   Therefore,

9    the four claims raised in the instant Petition are untimely by 1,144 days (the amount

10   of untolled time between the extended limitation deadline (12/05/05) and the Petition's

11   constructive filing date (01/22/09).)

12          **2.     2005 Federal Proceedings**[5]

13          On July 26, 2005, Petitioner filed a federal habeas petition in this Court ("2005

14   Petition") that raised two claims. (Case No. CV 05-05437 NM (AN), dkt. #1.)

15   Pursuant to the Court's duty to screen habeas petitions before service,[6] the Court

16   found the 2005 Petition was subject to summary dismissal because both claims were

17   unexhausted.   (8/15/05 Order, dkt. #3.)   Accordingly, the petition was dismissed

18   without prejudice as a wholly unexhausted petition. (8/15/05 Judgment, dkt. #4.)

19          Petitioner's 2005 Petition has no bearing on the Court's timeliness analysis.

20   By AEDPA's express terms, the one-year limitation period is only tolled during the

21   pendency of "a properly filed application for *State* post-conviction or other collateral

22   review." 28 U.S.C. § 2244(d)(2) (emphasis added).   Section 2244(d)(2) does not toll

23   the limitation period while a *federal* habeas petition is pending. *Duncan v. Walker*,

24   533 U.S. 167, 181-82 (2001).   Further, the pending action cannot "relate back" to the

25

26          [5]    The Court takes judicial notice of its own records.   Fed. R. Evid. 201.

27          [6]    *See* 28 U.S.C. § 2243, Rule 4 of the Rules Governing § 2254 Cases, 28

28   U.S.C. foll. § 2254; and Local Rule 72-3.2.

1   2005 Petition because that action was dismissed. *See Rasberry v. Garcia*, 448 F.3d
2   1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses
3   a previous petition without prejudice for failure to exhaust state remedies cannot relate
4   back to the original habeas petition"); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001).
5   Petitioner also fails to qualify for the very narrow exception to this "relation back" rule
6   because the 2005 Petition was *properly* dismissed.

7   **D.   Alternative Start of the Statute of Limitations**

8   **1.   State-Created Impediment**

9   In rare instances, AEDPA provides that its one-year limitation period shall run
10  from "the date on which the impediment to filing an application created by State action
11  in violation of the Constitution or laws of the United States is removed, if the
12  applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).
13  Asserting that the statute of limitations was delayed by a state-created impediment
14  requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th
15  Cir. 2002). Petitioner's filings fail to show he is entitled to relief under this provision.

16  **2.   Newly Recognized Constitutional Right (Ground Four)**

17  AEDPA provides that, if a claim is based upon a constitutional right that is
18  newly recognized and applied retroactively to habeas cases by the United States
19  Supreme Court, the one-year limitation period begins to run on the date which the new
20  right was initially recognized by the United States Supreme Court. 28 U.S.C. §
21  2244(d)(1)(C).

22  In ground four, Petitioner raises an upper term sentencing error claim based
23  upon *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007). To the extent
24  Petitioner purports to argue that he is entitled to an extension of the limitation period
25  because he believes *Cunningham* announced a new rule governing upper term
26  sentencing, Petitioner's reliance on *Cunningham* is misplaced for several reasons.
27  First, the Ninth Circuit recently held *Cunningham* "did not announce a new rule of
28  constitutional law." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *see also*

Page 9

1 *Wright v. Dexter*, 546 F.3d 1096, 1097 (9th Cir. 2008). Instead, *Cunningham* "simply
2 applied the rule of *Blakely*" to California's determinate sentencing law ("DSL") and
3 its result was dictated by *Apprendi* and *Blakely*.[2/] *Butler*, 528 F.3d at 634-39.

4    Second, *Apprendi* and *Blakely* are not retroactive to convictions or sentences
5 that became final before these decisions were issued. *See Rees v. Hill*, 286 F.3d 1103,
6 1104 (9th Cir. 2002) (holding the Supreme Court has not made *Apprendi* retroactive
7 on collateral review); *Schardt v. Payne*, 414 F.3d 1025, 1033-34, 1038 (9th Cir. 2005)
8 (holding *Blakely* does not apply retroactively to a conviction that was final before
9 *Blakely* was decided); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) ("the
10 Supreme Court has not made *Blakely* retroactive to cases on collateral review."). As
11 noted above, Petitioner's conviction and sentence became final for purposes of direct
12 review on November 9, 2004. Consequently, Petitioner's judgment became final after
13 *Apprendi* and *Blakely* were decided on June 26, 2000, and June 24, 2004, respectively.
14 To the extent Petitioner's sentencing error claim is based upon *Apprendi* and *Blakely*
15 as a newly recognized Constitutional right, the claim is time-barred because,
16 regardless of whether the claim is based upon *Apprendi* or *Blakely*, the claim was
17 raised in a petition that was filed at least four years after these cases had already been
18 decided. 28 U.S.C. § 2244(d)(1)(C) (the one-year limitation period begins to run on
19 the date which the new right was initially recognized by the United States Supreme
20 Court). Accordingly, Petitioner is not entitled to relief under this provision.

21    **3.   Discovery of Factual Predicate**

22    AEDPA also provides that, in certain cases, its one-year limitation period shall
23 run from "the date on which the factual predicate of the claim or claims presented
24 could have been discovered through the exercise of due diligence." 28 U.S.C. §
25 2244(d)(1)(D). Petitioner's filings do not set forth any facts that show he is entitled

---

27   [2/]  *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000); *Blakely v.*
28 *Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

1  to relief based upon a late discovery of the factual predicate.

2  **E.    Equitable Tolling**

3         The United States Supreme Court has not yet decided whether AEDPA's
4  limitation period allows for equitable tolling but it has assumed without deciding that
5  it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336,
6  127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for
7  equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)
8  ("We have never squarely addressed the question whether equitable tolling is
9  applicable to AEDPA's statute of limitations.").

10        Although the Ninth Circuit has found equitable tolling is available, *Harris v.*
11 *Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has repeatedly cautioned that
12 "[e]quitable tolling is justified in few cases," and that "the threshold necessary to
13 trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the
14 rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292
15 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the
16 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order
17 to protect the federal system from being forced to hear stale claims.'" *Mendoza v.*
18 *Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling
19 determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of
20 showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432
21 F.3d 1021, 1026 (9th Cir. 2005).

22        In *Pace*, the Supreme Court held "a litigant seeking equitable tolling bears the
23 burden of establishing two elements: (1) that he has been pursuing his rights
24 diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*,
25 549 U.S. at 336; *Pace*, 544 U.S. at 418. *Pace*'s diligence prong requires the petitioner
26 to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout
27 the time the limitation period was running. *Mendoza*, 449 F.3d at 1070; *see also*
28 *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling

Page 11

1    requires a showing that "the party seeking equitable tolling must have acted with
2    reasonable diligence throughout the period he seeks to toll" and "extraordinary
3    circumstances prevented him from filing his petition on time"). Further, the petitioner
4    must demonstrate that he exercised reasonable diligence in attempting to file his
5    habeas petition after the extraordinary circumstances began otherwise the "link of
6    causation between the extraordinary circumstances and the failure to file [is] broken."
7    *Spitsyn*, 345 F.3d at 802.
8           In response to the OSC, Petitioner alleges that the "prison environment on a day
9    to day basis [constitutes] external forces beyond [his] control." (Resp. at 4:20-22.)
10   He contends, for purposes of the timeliness analysis, that one day of prison
11   confinement can not be equivalent to one full "regular" day toward AEDPA's statute
12   of limitations because of the unique limitations and conditions prisoners are subjected
13   to in prison. (*Id.* at 4-6.) He presents, in a lengthy and confusing manner, various
14   formulaic calculations to support his argument for equitable tolling. As an example,
15   he argues "[o]ne week would equal (1) day an[d] (1) hour toward the (1) year statute
16   of limitation[s] period . . . [it] is a fair calculation for the court to consider every month
17   amounts to (6) days and 20 hours toward equitable tolling based on the prison
18   assignment with an additional (64) hours concerning available time during the
19   weekends . . . ." (*Id.* at 5:10-16.) Petitioner then continues to argue that "(1) . . .
20   AEDPA period should last a total of (4) years and one month independent of any
21   external forces or extraordinary circumstances just based on the available allottment
22   (sic) of time to pursue a properly filed habeas [petition]." (*Id.* at 6:19-22.)  This
23   equitable tolling argument lacks merit. Petitioner's manner of calculating AEDPA's
24   one-year limitation period has no legal support. It also fails to show he was unable to
25   file a timely Petition because of "extraordinary circumstances" beyond his control.
26          As part of his equitable tolling argument, Petitioner also appears to argue, in a
27   vague and conclusory manner, that he is entitled to equitable tolling because he did
28   not have access to the prison law library due to prison lockdowns and his placement

1   in administrative segregation for allegedly possessing marijuana. (*Id.* at 5:3-14.) This
2   argument lacks merit for two reasons.   First, in addition to being vague and
3   conclusory, Petitioner fails to show that he made timely or proper requests for access
4   to the law library during the relevant periods in order to prepare and file his pending
5   Petition, and that his requests for access were denied.

6        Second, the Ninth Circuit has determined that lack of access to library materials
7   does not generally qualify as an "extraordinary circumstance" sufficient to equitably
8   toll the statute of limitations for federal habeas petitions. *See Frye v. Hickman*, 273
9   F.3d 1144, 1146 (9th Cir. 2002) (as amended) (holding that the lack of access to
10  library material does not automatically qualify as grounds for equitable tolling);
11  *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *see also Rosati*
12  *v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006); *Miller v. Marr*, 141 F.3d
13  976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials
14  and resulting unawareness of the limitation period until it was too late did not warrant
15  equitable tolling); *Deayon v. Walker*, No. CV 08-5566 RSWL (FMO), 2009 WL
16  772936, at *3 (C.D. Cal. Mar. 17, 2009); *Xayasomloth v. Cate*, No. 08CV260 BEN
17  (AJB), 2009 WL 514286, at *4 (S.D. Cal. Feb. 27, 2009); *Wilder v. Runnels*, No.
18  C031478 CRB (PR), 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003).

19       Prison officials typically provide prison law libraries or legal assistants to
20  ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous
21  legal claims challenging their convictions or conditions of confinement." *Lewis v.*
22  *Casey*, 518 U.S. 343, 356, 116 S. Ct. 2174 (1996).   However, prison officials of
23  necessity must regulate the time, manner and place in which library facilities and legal
24  assistant programs are used. *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851,
25  858 (9th Cir. 1985).   Not surprisingly, lockdowns, placement in administrative
26  segregation/solitary confinement, and other common restrictions on access to the law
27  library and legal assistant programs, generally do not qualify as "extraordinary
28  circumstances." *Lewis*, 518 U.S. at 361-62; *Lindo v. Lefever*, 193 F. Supp. 2d 659,

663 (E.D.N.Y. 2002); *Xayasomloth*, 2009 WL 514286, at *5. There is no due process violation so long as an inmate has the basic capability of presenting his claims to the courts, irrespective of the "capability of turning pages in a law library." *Lewis*, 518 U.S. at 356-57; *see also Robinson v. Hedgpeth*, No. CIV S-07-1228-MCE-CMK-P, 2009 WL 243410, at *5 (E.D. Cal. Jan. 27, 2009) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition"); *Moraza v. Clark*, No. 1:07-cv-01226-LJO-TAG HC, 2009 WL 160297, at *4 (E.D. Cal. Jan. 21, 2009) (same).

Here, apart from his vague and conclusory allegations, Petitioner has not made an adequate showing that the claimed lockdowns and placement in administrative segregation impeded his access to this Court or prevented him from filing his Petition in a timely manner. *See Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001); *Wood v. Spencer*, 487 F.3d 1, 6 (1st Cir. 2007).

Further, Petitioner's inadequate law library argument ignores the clearly established premise that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351. "[M]eaningful access to the courts is the touchstone . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered [his] efforts to pursue a legal claim." *Id*. Thus, Petitioner has failed to meet his burden of establishing the alleged limited access due to lockdowns and administrative segregation made timely filing *impossible*. *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).

Petitioner is not entitled to equitable tolling.

///

///

Page 14

1

# ORDER

2      For the reasons stated above and in the Court's OSC, the Court finds the
3 Petition must be dismissed because all four claims are time-barred.   Further, by way
4 of the OSC, the Court finds Petitioner has already received notice and an opportunity
5 to show cause why the Petition should not be dismissed as time-barred.
6 ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate
7 Judge is vacated and the Petition is dismissed with prejudice.   The Clerk is directed
8 to enter judgment dismissing the action with prejudice.   Any and all pending motions
9 are terminated.

10

11

12 DATED: April 16, 2009

*Valerie Baker Fairbank*
_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

13

14

15

16 Presented by:

17

 /s/   ARTHUR NAKAZATO
18 _____
Arthur Nakazato
United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28